UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NICOLE LEDEN and GARY LEDEN, her husband, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 09 CV 50182<br>) |
| SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation, and MICHAEL CASNER, M.D. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

### COUNT I (ONE) – NEGLIGENCE
### SWEDISH AMERICAN HOSPITAL

NOW COMES Plaintiff, NICOLE LEDEN, by and through her attorneys, THE SZYMANSKI KOROLL LITIGATION GROUP, and complaining of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation, states as follows:

1. This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code §1332, in that Plaintiff, NICOLE LEDEN, is a citizen of the State of Michigan. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

2. Defendant SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation, with its' principal place of business located at 1401 East State Street, Rockford, Winnebago County, Illinois.

3. On information and belief employees, agents or apparent agents of SWEDISH AMERICAN HOSPITAL, who provided medical and nursing services to Plaintiff at SWEDISH AMERICAN HOSPITAL during the periods of time set forth herein are citizens of Illinois.

4. That upon information and belief, SANDRA PEEBLES, R.N., is or, at all times relevant hereto, was an employee, agent or apparent agent of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation.

5. That upon information and belief, STACY ECKHARDT, R.N., is or, at all times relevant hereto, was an employee, agent or apparent agent of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation.

6. That upon information and belief, MARIANNE ROGERS, is or, at all times relevant hereto, was an employee, agent or apparent agent of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation.

7. That upon information and belief, HEIDI STAHLER, is or, at all times relevant hereto, was an employee, agent or apparent agent of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation.

8. That upon information and belief, "MARY," PCT, is or, at all times relevant hereto, was an employee, agent or apparent agent of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation.

9. That upon information and belief, "BEN," PCT, is or, at all times relevant hereto, was an employee, agent or apparent agent of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation.

10. At all times pertinent hereto, Defendant, MICHAEL CASNER, M.D., was a physician duly licensed within the State of Illinois.

11. That upon information and belief, Defendant, MICHAEL CASNER, M.D., is or, at all times relevant hereto, was an employee, agent or apparent agent of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation.

12. That upon information and belief, Defendant MICHAEL CASNER, M.D., is a citizen of the State of Illinois.

13. That prior to August 24, 2007, NICOLE LEDEN had been admitted to Defendant SWEDISH AMERICAN HOSPITAL as an inpatient as a result of suicidal ideations and for psychiatric evaluation.

14. That on or about August, 23, 2007, NICOLE LEDEN heard voices instructing her to commit suicide.

15. That on or about August 23, 2007, NICOLE LEDEN attempted suicide by taking an excessive quantity of anti-depressant medication.

16. That on August 24, 2007, NICOLE LEDEN arrived at the SWEDISH AMERICAN HOSPITAL emergency room.

17. That on or about August, 24, 2007, MICHAEL CASNER, M.D., provided physician services to Plaintiff in the Emergency Room located at Defendant SWEDISH AMERICAN HOSPITAL.

18. That on or about August 24, 2007, NICOLE LEDEN was given a psychiatric assessment by MICHAEL CASNER, M.D., and an unnamed "crisis worker."

19. That on or about August 24, 2007, an unidentified "sitter" was assigned to monitor NICOLE LEDEN so that she would not harm herself or others.

20. That on or about August 24, 2007, NICOLE LEDEN was escorted to the bathroom by "Mary" PCT.

21. That on or about August 24, 2007, NICOLE LEDEN entered the bathroom alone, and closed and locked the bathroom door from the inside.

22. That on or about August 24, 2007, and upon information and belief, "Mary" PCT and "Ben" PCT remained outside the locked bathroom.

23. That on or about August 24, 2007, NICOLE LEDEN attempted suicide in the locked bathroom by tying the cord from nurse call device around her neck.

24. That on or about August 24, 2007, the cord remained around NICOLE LEDEN's neck for a period of not less than four minutes.

25. That on or about August 24, 2007, assistance from hospital security and additional nursing staff was required to open the bathroom door.

26. That on or about August 24, 2007, after the bathroom door was re-opened, NICOLE LEDEN was discovered lying on the bathroom floor with the cord wrapped around her neck.

27. It was the duty of SWEDISH AMERICAN HOSPITAL, by and through its employees, agents and/or apparent agents, including medical and nursing staff, to possess the skill, apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified medical personnel in the same or similar circumstances as alleged herein in the city of Rockford, County of Winnebago, State of Illinois, and similar communities.

28. That Defendant, SWEDISH AMERICAN HOSPITAL, by and through its employees and/or agents was negligent in the care and treatment of NICOLE LEDEN in one or more of the following respects:

    a. Failed to appreciate the significance of NICOLE LEDEN's suicidal ideations;

    b. Failed to appreciate the significance of NICOLE LEDEN's suicide attempt of August 23, 2007;

 c. Failed to adequately supervise NICOLE LEDEN while she was a patient in the Emergency Room located at SWEDISH AMERICAN HOSPITAL despite being a noted risk to harm herself or others; and

 d. Allowed NICOLE LEDEN to use the bathroom unattended despite being aware of NICOLE LEDEN's suicidal ideations and previous suicide attempts, and despite being a noted risk to harm herself or others.

29. That as a direct result of one or more of the aforesaid negligent acts or omissions, the Plaintiff, NICOLE LEDEN, has suffered severe pain, scarring and disability, and will continue to suffer damages in the future. Plaintiff has become liable for large sums of money for medical treatment expenses, will become liable for large sums of money for future medical expenses, has suffered injury to her capacity to earn money and will continue to have injury to her capacity to earn money in the future, has suffered a loss to her earnings in the past and will continue to suffer loss to her earnings in the future

WHEREFORE, Plaintiff, NICOLE LEDEN, prays for judgment against Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation, in a sum in excess of $75,000.00 plus costs of suit.

**COUNT II (TWO) – NEGLIGENCE
MICHAEL CASNER, M.D.**

NOW COMES Plaintiff, NICOLE LEDEN, by and through her attorneys, THE SZYMANSKI KOROLL LITIGATION GROUP, and complaining of Defendant, MICHAEL CASNER, M.D., states as follows:

1-26. Plaintiff, NICOLE LEDEN, realleges and reaffirms paragraphs 1-26 of Count I as paragraphs 1-26 of this Count II as though fully set forth verbatim herein.

27. It was the duty of MICHAEL CASNER, M.D., to possess the skill, apply the knowledge and use the skill and care ordinarily used by a reasonably well-qualified physician in the same or similar circumstances as alleged herein in the city of Rockford, County of Winnebago, State of Illinois, and similar communities.

28. That despite said duty, Defendant, MICHAEL CASNER, M.D., was negligent in the care and treatment of NICOLE LEDEN in one or more of the following respects:

   a. Failed to appreciate the significance of NICOLE LEDEN's suicidal ideations;

   b. Failed to appreciate the significance of NICOLE LEDEN's suicide attempt of August 23, 2007;

   c. Failed to adequately supervise NICOLE LEDEN while she was a patient in the Emergency Room located at SWEDISH AMERICAN HOSPITAL; and

   d. Allowed NICOLE LEDEN to use the bathroom unattended despite being aware of NICOLE LEDEN's suicidal ideations and previous suicide attempts.

29. That as a direct result of one or more of the aforesaid negligent acts or omissions, the Plaintiff, NICOLE LEDEN, has suffered severe pain, scarring and disability, and will continue to suffer damages in the future. Plaintiff has become liable for large sums of money for medical treatment expenses, will become liable for large sums of money for future medical expenses, has suffered injury to her capacity to earn money and will continue to have injury to her capacity to earn money in the future, has suffered a loss to her earnings in the past and will continue to suffer loss to her earnings in the future

WHEREFORE, Plaintiff, NICOLE LEDEN, prays for judgment against Defendant, MICHAEL CASNER, M.D., in a sum in excess of $75,000.00 plus costs of suit.

## COUNT III (THREE) – LOSS OF CONSORTIUM
## SWEDISH AMERICAN HOSPITAL

NOW COMES Plaintiff, GARY LEDEN, by her attorneys, THE SZYMANSKI KOROLL LITIGATION GROUP, and complaining of Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation states as follows:

1-29. Plaintiff, LUANN STEWART, realleges and reaffirms paragraphs 1-29 of Count I as paragraphs 1-29 of this Count III as though fully set forth verbatim herein.

30. That at all times relevant, Plaintiffs, NICOLE LEDEN and GARY LEDEN, were wedded as husband and wife.

31. That as a direct and proximate result of the aforesaid negligent acts of Defendant, Plaintiff's husband sustained severe and permanent injuries as a result, has been and will be hindered and prevented from attending to his usual duties and affairs.

32. Plaintiff, GARY LEDEN, has been deprived of the care, comfort, society, companionship and relationship with her husband.

WHEREFORE, Plaintiff, GARY LEDEN, prays for judgment against Defendant, SWEDISH AMERICAN HOSPITAL, an Illinois not-for-profit corporation, in a sum in excess of $50,000.00, and any other remedy this court sees fit.

## COUNT IV (FOUR) – LOSS OF CONSORTIUM
## MICHAEL CASNER, M.D.

NOW COMES Plaintiff, GARY LEDEN, by her attorneys, THE SZYMANSKI KOROLL LITIGATION GROUP, and complaining of Defendant, MICHAEL CASNER, M.D., states as follows:

1-29. Plaintiff, LUANN STEWART, realleges and reaffirms paragraphs 1-29 of Count II as paragraphs 1-29 of this Count IV as though fully set forth verbatim herein.

30. That at all times relevant, Plaintiffs, NICOLE LEDEN and GARY LEDEN, were wedded as husband and wife.

31. That as a direct and proximate result of the aforesaid negligent acts of Defendant, Plaintiff's husband sustained severe and permanent injuries as a result, has been and will be hindered and prevented from attending to his usual duties and affairs.

32. Plaintiff, GARY LEDEN, has been deprived of the care, comfort, society, companionship and relationship with her husband.

WHEREFORE, Plaintiff, GARY LEDEN, prays for judgment against Defendant, MICHAEL CASNER, M.D., in a sum in excess of $50,000.00, and any other remedy this court sees fit.

NICOLE LEDEN and GARY LEDEN, her husband, Plaintiffs

BY THE SZYMANSKI KOROLL LITIGATION GROUP

BY _____
CYNTHIA SZYMANSKI KOROLL

Cynthia Szymanski Koroll
THE SZYMANSKI KOROLL LITIGATION GROUP
One Court Place
Suite 102
Rockford, IL 61101